| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------X<br>TAMMARA WYNTER | 20-cv-02924-WFK-CLP<br><br>**SECOND AMENDED**<br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

                                                Plaintiff,

                     -against-

THE CITY OF NEW YORK,
POLICE OFFICER MARLENE WELCH,
SERGEANT KEITH CHENG, SHIELD NO. 644
POLICE OFFICER MAJID MIRZA, SHIELD NO. 9566,
POLICE OFFICER OMAR DELAROSA, SHIELD NO. 6614,
and UNIDENTIFIED POLICE OFFICERS all sued
in their capacity as individuals,
                                    Defendants.
-----------------------------------------------------------------X

    Plaintiff Tammara Wynter, by her attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

1. This civil rights action arises from the battery, assault, physical abuse, use of excessive force, invasion of privacy, false arrest, malicious prosecution as well as denial of a fair trial committed against the plaintiff by police officers who at all times relevant were members of the NYPD.

**JURISDICTION AND VENUE**

2. Jurisdiction is founded upon the existence of a Federal Question.

3. This action arises under 42 U.S.C. §1983 and the Fourth and Sixth Amendments as well as pursuant to the due process clause of the Fourteenth Amendment to the United States Constitution.

4. Subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

5. Pursuant to 28 U.S.C. §1391(a) (1 & 2) (b) (1 & 2), venue is proper in the Eastern District of New York because events forming the basis of this Complaint occurred in this District.

6. Plaintiff's state court claims are properly before this Court pursuant to 28 U.S.C. §1367.

## PARTIES

7. At all times relevant, plaintiff Tammara Wynter, was a resident of the City and State of New York.

8. Upon information and belief, at all times hereinafter mentioned, the CITY OF NEW YORK (hereinafter, NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, that at all times hereinafter mentioned, NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department (hereinafter, the NYPD), including all the police officers thereof.

10. At all times relevant, defendant Police Officer Marlene Welch, Sergeant Keith Cheng, Shield No. 644, Police Officer Majid Mirza, Shield No. 9566 and Police Officer Omar Delarosa, Shield No. 6614 were duly appointed and acting as employees of the NYPD and at all times relevant they were state actors acting under color of law.

11. At all times relevant, defendants Unidentified Police Officers were duly appointed and acting as employees of the NYPD and at all times relevant they were acting as state actors acting under color of law.

12. All the individual defendants named in this lawsuit are sued herein in their capacity as individuals.

## CONDITIONS PRECEDENT

13. On May 16, 2020 and within ninety days after the claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

14. The Notice of Claim was in writing and sworn to by the plaintiff, and contained the name and post office addresses where correspondence can be received by the plaintiff and by plaintiff's attorney.

15. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claim arose, and damage and injuries claimed to have been sustained.

16. To date, no hearing pursuant to General Municipal Law 50-h has been noticed or conducted.

17. More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

18. This action is commenced within one year and ninety days after the happening of the events upon which the state claims are based and within three years of when plaintiff's federal causes of action arose.

19. Defendant NYC is vicariously liable to the plaintiff for the individual defendants' common law torts via the principle of *respondeat superior.*

20. New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## STATEMENT OF FACTS

21. This incident incurred on April 9, 2020 beginning at approximately 3:00 p.m. inside of the Royal Cuisine Yard Food (the store) located at 324 Utica Ave, in Brooklyn New York.

22. The plaintiff was shopping for groceries after working a shift as a COVID -19 responder under Operation Gotham, in which she teaches Doctors, Nurses and LPN'S how to properly remove PPE without infecting themselves.

23. Inside the store plaintiff observed defendant Police Officer Marlene Welch touching produce randomly in the midst of the corona virus pandemic.

24. Plaintiff, well aware of the risks of contracting and spreading this disease when acting in exactly the way the defendant was acting, suggested to defendant Welch that she be cautious when handling the produce.

25. Apparently enraged at being criticized by a civilian defendant Welch and her co-defendants, Sergeant Keith Cheng, and Police Officer Majid Mirza, slammed Ms. Wynter into a table within the store causing a cut to her upper abdomen and handcuffed her in front of the store's customers.

26. Ms. Wynter repeatedly informed the defendants that the handcuffs were hurting her and repeatedly asked for them to be loosened but they refused to do so.

27. When the plaintiff was brought outside the store she was slammed against the defendants' RMP by the defendants.

28. Defendants continued to man-handle the plaintiff, slamming her previously injured left leg with the door to the RMP repeatedly while in the process of placing her inside the vehicle.

29. During the arrest Ms. Wynter was wearing a brace on her left leg for a prior injury.

30. Ms. Wynter told the defendants she was injured and needed medical treatment but they brought her directly to the 71st precinct.

31. Ms. Wynter was unable to walk from the RMP to the precinct so she was carried into the 71st precinct; in handcuffs.

32. When inside the precinct Ms. Wynter requested medical care again and ultimately an ambulance was called to the precinct arriving within an hour.

33. At the 71st precinct Ms. Wynter was interviewed by EMT'S and brought to the Kings County Medical Center while still in custody.

34. Ms. Wynter was at the Hospital for approximately 10 hours.

35. Ms. Wynter asked a female defendant Unidentified Police Officer guarding her at the hospital for permission to use the restroom, and she repeatedly, refused to let her do so, resulting in Ms. Wynter wetting herself.

36. After she wet herself Ms. Wynter, was forced to strip from the Waist down in the Presence of male Police Officer Omar Delarosa, Shield No. 6614 who stared at her exposed private parts for approximately three minutes before Ms. Wynter was allowed to change into clothing.

37. Ms. Wynter was returned to the 71st precinct at approximately 3:00 a.m. still in handcuffs.

38. When she was brought back to the precinct, Ms. Wynter was served with a Desk Appearance Ticket (DAT) for a falsely alleged violation of NY PL §205.30; resisting arrest.

39. Defendant Welch, the arresting officer, was still at the precinct when Ms. Wynter was returned there in handcuffs and she tried to have the plaintiff returned to a cell which is not the proper procedure when one receives a DAT.

40. Ms. Wynter argued with the officers who then released her.

41. Plaintiff Tamara Wynter was in custody a little over 14 hours before being released with a severe exacerbation to her previously injured left leg, injured wrists, an injury to her upper abdomen, she was humiliated from being arrested and abused for no reason as well as due to having her private parts exposed to a male officer.

42. Ms. Wynter's wrists were cut and she appears to have permanent scarring due to the defendants overly tightening the handcuffs they refused to loosen.

43. On September 24, 2020 the false charges were dismissed and sealed pursuant to the Motion of the Kings County District Attorney, after said office had viewed the evidence including but not limited to the body cams which were turned on and after being informed that Defendant Welch's body Cam was in fact turned off during the incident.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C.§ 1983 AND THE FOURTH AMENDMENT
VIA THE USE OF EXCESSIVE
AND UNREASONABLE FORCE**

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

45. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants.

46. The excessive force plaintiff was subjected to by the defendants, includes, but is not limited to, slamming her into a table, applying and refusing to loosen overly tightened handcuffs, slamming her into their RMP and having the RMP door repeatedly slammed on Ms. Wynter's previously injured left leg.

47. By reason of the unlawful use of excessive, unreasonable force, the plaintiff was harmed physically, she incurred, bruises, possible scarring, loss of bodily function, she was subjected to physical pain, humiliation, embarrassment, anxiety, she was and is still experiencing various ongoing physical harms, she was emotionally harmed and plaintiff was otherwise harmed.

48. By reason of the aforesaid, the plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and by reason of the malicious and reckless behavior of the defendants the plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A SECOND CAUSE OF ACTION BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA FAILURE TO INTERVENE TO PREVENT THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

50. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the individual defendants had a reasonable opportunity to intervene to prevent the various uses of excessive force against the plaintiff, which were ongoing for a sufficient length of time, in their presence, and they failed to do so, causing and allowing plaintiff to be injured further.

51. The excessive force to which the plaintiff was subjected and which the defendants failed to intervene to prevent was effected by the defendants without authority of law and without necessity to use any force, much less the excessive, unreasonable force they employed and the force employed was without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

52. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

53. By reason of the unlawful use of excessive, unreasonable force, the plaintiff was harmed physically, she incurred what appears to be permanent scarring, loss of bodily function, she was subjected to extreme physical pain, humiliation, embarrassment, anxiety, she was emotionally harmed and Ms. Wynter was otherwise harmed.

54. By reason of the aforesaid, the plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and by reason of the malicious and

reckless behavior of the defendants the plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK
### via BATTERY

55. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

56. The defendant NYC, via the principal of respondeat superior, is liable for the individual defendants' battery of the plaintiff in that the individual defendants made unconsented bodily contact with Ms. Wynter, the bodily contact was made with intent, and such contact was offensive in nature.

57. As a direct result of the defendant officers' intentional behavior, NYC is liable to Ms. Wynter for a battery.

58. By reason of the battery, the plaintiff was harmed physically, she incurred, bruises, possible scarring, loss of bodily function, she was subjected to physical pain, humiliation, embarrassment, anxiety, she was and is still experiencing various ongoing physical harms, she was emotionally harmed and plaintiff was otherwise harmed.

59. By reason of the aforesaid, the Plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK
### via ASSAULT

60. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

61. The defendant NYC, via the principal of respondeat superior, is responsible for the NYS common law tort of assault committed against the plaintiff.

62. The plaintiff was placed in an imminent apprehension of harmful, unconsented, bodily contact.

63. As a direct result of the defendant officers' intentional behavior, NYC is liable to the plaintiff for an assault as she was made to fear an imminent offensive unconsented bodily contact which caused her to be emotionally harmed.

64. By reason of the aforesaid, the plaintiff has been damaged in the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE FOURTH AMENDMENT AND 42 U.S.C.§ 1983
### <u>VIA FALSE ARREST</u>

65. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

66. Plaintiff was subjected to a false arrest by the defendants.

67. Ms. Wynter rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment and brought before this Court pursuant to 42 U.S.C. § 1983, due to her being falsely arrested by the defendants.

68. The plaintiff was confined by defendants; defendants intended to confine the plaintiff; plaintiff was conscious of her confinement; and the plaintiff did not consent to the confinement which was not otherwise privileged.

69. As a direct consequence of defendants' actions, the plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth Amendment as made applicable to the

states via the Fourteenth Amendment of the United States Constitution and more particularly, her right to be free from arrest without probable cause.

70. Among other invasions of her privacy, offenses to her dignity and violations of her rights, Ms. Wynter was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed and embarrassed and she was otherwise harmed.

71. By reason of the aforesaid, the plaintiff has been damaged and she is entitled to compensatory damages in a sum not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE NYS COMMON LAW
### via FALSE ARREST

72. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

73. Plaintiff was subjected to a false arrest by the defendants.

74. Ms. Wynter rights have been violated pursuant to the common law of the State of New York, due to her being falsely arrested by the defendants.

75. The plaintiff was confined by defendants; defendants intended to confine the plaintiff; plaintiff was conscious of her confinement; and the plaintiff did not consent to the confinement which was not otherwise privileged.

76. As a direct consequence of defendants' actions, the plaintiff was deprived of rights, privileges and immunities pursuant to the common law of the State of New York, her right to be free from arrest without probable cause.

77. Among other invasions of her privacy, offenses to her dignity and violations of her rights, Ms. Wynter was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed and embarrassed and she was otherwise harmed.

78. By reason of the aforesaid, the plaintiff has been damaged and she is entitled to compensatory damages in a sum not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

**AS AND FOR A SEVENTH CAUSE OF ACTION BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT via AN INVASION OF PRIVACY**

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

80. Plaintiff's rights have been violated under the Fourth Amendment and the due process clause of the Fourteenth Amendment via an invasion of privacy when she was subjected to having her private parts exposed to a male officer Police Officer Omar Delarosa.

81. There was no legitimate law enforcement purpose furthered by exposing Ms. Wynter's private parts to and stared at by Police Officer Omar Delarosa as there were female officers who could have guarded her while she was made to expose her private parts.

82. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution, being more particularly plaintiff's right to be free from an invasion of privacy.

83. By reason of the invasion of privacy plaintiff was embarrassed, humiliated, ashamed, she suffered anxiety and she was and is still experiencing various emotional harms and plaintiff was otherwise harmed.

84. By reason of the aforesaid, the plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and by reason of the malicious and reckless behavior of the defendants the plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988

**AS AND FOR AN EIGHTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S FOURTH, SIXTH
AND FOURTEENTH AMENDMENT RIGHTS
VIA DENIAL OF HER RIGHT TO A FAIR TRIAL,
i.e., DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS**

85. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

86. Ms. Wynter was denied her right to a fair trial i.e., she was subjected to a deprivation of liberty without due process in violation of the Fourth and Sixth Amendments as well as pursuant to the due process clause of the Fourteenth Amendment by the individual defendants who created false information and provided that information to the District Attorney which was then used in her prosecution.

87. The individual defendants, in particular defendant Welch, fabricated and forwarded to prosecutors information they knew to be false and said false information was almost certain to influence a jury's verdict, and in so doing Ms. Wynter was denied her right to a fair trial and she was thereby damaged.

88. Defendants' actions resulted in the plaintiff being arrested, handcuffed, being held in custody, being forced to appear in court, caused the plaintiff to endure fear of being

sentenced to jail, she suffered, anxiety, she was defamed in her community, she incurred pecuniary harms and she were was otherwise harmed.

89. By reason of the aforesaid, the plaintiff has been damaged and she is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**AS FOR A NINTH CAUSE OF ACTION
FOR RELIEF ON BEHALF OF PLAINTIFF
VIOLATION OF THE FOURTH
AMENDMENT TO THE UNITED STATES CONSTITUTION
VIA MALICIOUS PROSECUTION**

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

91. Ms. Wynter's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, due to her being maliciously prosecuted by the defendants.

92. Plaintiff was subjected to a malicious prosecution by the defendants who caused and continued her arrest, without probable cause, the arrest was effected with malice and the charges against her were ultimately dismissed on September 24, 2020, when the Kings County District Attorney drafted a declined prosecution memorandum.

93. Defendants generated and forwarded documents to the District Attorney which falsely alleged the plaintiff committed crimes.

94. Defendants disingenuously informed the District Attorney that the plaintiff had committed crimes.

95. Defendants generated documents used to prosecute the plaintiff on the false charges.

96. Defendants' actions resulted in the plaintiff being arrested, handcuffed, being held in custody, sustaining injuries, and caused the plaintiff to endure the fear of going to jail, she incurred pecuniary harms and she was otherwise harmed.

97. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $1,000,000.00 (ONE MILLION) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**WHEREFORE,** plaintiff respectfully requests that judgment be entered as follows:

(A)   Declaratory relief finding that plaintiff's rights under the United States Constitution were violated;

(B)   Compensatory damages to be determined at trial in a sum not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS;

(C)   By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in amounts to be determined at trial;

(D)   An award to plaintiff of the costs and disbursements herein;

(E)   An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F)   Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       December 14, 2020

                                        /s/
                                Fred Lichtmacher
                                The Law Office of Fred Lichmacher P.C.

                                        Attorney for Plaintiff
                                        116 west 23rd Street
                                        New York, New York 10011
                                        Tel. No. (212) 922-9066

To:     Bridgette Nunez-Figueroa
          Assistant Corporation Counsel
          Attorney for Defendants
          The City of New York
          Police Officer Marlene Welch
          Sergeant Keith Cheng, Shield No. 644 and
          Police Officer Majid Mirza, Shield No. 9566
          100 Church Street
          New York, New York 10007
          Tel: (212) 356-1643
          bnunez@law.nyc.gov

To:     Police Officer Omar Delarosa, Shield No. 6614,
          71st Precinct of the NYPD
          421 Empire Blvd
          Brooklyn, NY 11225